## LIPSCOMB v. LIPSCOMB.

1. A demurrer was properly sustained to a counter-claim which only alleged that plaintiff was indebted to defendant on account of some partnership dealings for such amount as might be ascertained in another action then pending between them.
2. The complaint, in its first paragraph, alleged the execution and delivery of the note sued on. The answer admitted "the first and second paragraphs of the complaint, and also the third, save so far as is inconsistent with the allegations in this answer," and then alleged that the note had not been delivered to the plaintiff, but to a third person, to be held until the adjustment of certain partnership matters between plaintiff and defendant. *Held*, that the delivery of the note to plaintiff was not admitted in the answer.
3. Parol testimony is admissible to prove the non-delivery of a note.

Before HUDSON, J., Spartanburg, April, 1889.

This was an action by M. C. Lipscomb against H. S. Lipscomb and B. F. Bonner, commenced in May, 1888. The charge of the judge to the jury was as follows:

The plaintiff brings this action against the defendants upon a certain promissory note, which is set out in the complaint. It is admitted in the answer that the promissory note, as set out in the complaint, was executed and was delivered to the plaintiff. You have heard the testimony of the plaintiff to the effect that there is nothing paid upon it, and therefore he is entitled to recover the amount of the note, unless there is something in the defence that will go to defeat it.

Now, with the matters of the copartnership existing betwixt these parties, or the settlement of that copartnership, we have nothing to do in this case. That is pending in another suit, and will be adjusted betwixt them, and that has been ruled out. It

is claimed by the defence that the testimony of the plaintiff shows that he is not the owner of the note. He has testified that he delivered this note as collateral security to Mr. Little. But the plaintiff also testifies that he got the note back, substituting other collateral in its place; it was returned to him unconditionally by Mr. Little—no assignment on the note. So that if the plaintiff's testimony is to be believed, he is the owner and holder of the note, which is unpaid, according to his testimony; and therefore he is entitled to recover the full amount of the note, if you believe his testimony.

The defendant appealed upon fifteen grounds, which, in different forms, made the points, that there was error in sustaining the demurrer and striking out the counter-claim; in holding that the answer admitted the delivery of the note, and that plaintiff was the holder; and in excluding testimony as to the non delivery.

*Mr. Stanyarne Wilson*, for appellants.

*Messrs. Duncan & Sanders* and *Nicholls & Moore*, contra.

March 6, 1890. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The plaintiff brought the action below on a note for three hundred dollars, made by the defendants and payable to plaintiff on or before the first day of November, 1886, with 10 per cent. interest, dated December 17th, 1885. The note was given for the purchase money of a tract of land. It was alleged, first, in the complaint that said note had been executed and delivered to the plaintiff; second, that it was for the purchase money of a certain tract of land, &c.; and, third, that no part had been paid.

The defendants answered, "admitting the allegations in the first and second paragraphs in the complaint, and also the third, save so far as is inconsistent with the allegations in this answer"; and, second, averring that at the time of the execution of said note, there were some unsettled firm matters between the plaintiff and H. S. Lipscomb, as to which the plaintiff was indebted to Mr. H. S. Lipscomb in a greater amount than the amount of the note, and that the said note was given with the express under-

standing that it should remain in the hands of one Jesse Penson, awaiting said settlement; that plaintiff had acted in bad faith, and that the action was premature; that defendant, Bonner, was surety. And in the third paragraph, defendant, Lipscomb, set up as a counter-claim for such amount as might be due him in the firm matters referred to, and that there was an action pending for the settlement of said partnership brought by the plaintiff.

The plaintiff, in reply, denied the counter claim, and also demurred to the counter claim because of another action pending in reference thereto. This demurrer was sustained by the Circuit Judge, and the counter-claim was stricken from the answer.

On the trial, the defendants offered testimony to prove the allegations, in the second paragraph of the answer, as to the delivery of the note, all of which was ruled incompetent, upon the ground that defendants had admitted in their answer the execution and delivery of said note to the plaintiff, and also upon the ground that such testimony was in violation of the rule which excluded parol testimony tending to alter and change a written instrument. The verdict was for the plaintiff. The defendants have appealed upon several exceptions, which will be found in the "Case." They complain, first, of error in sustaining the demurrer as to the counter-claim, and, secondly, of error in excluding defendants' testimony directed to the point that the delivery of the note was a conditional one, and intended to await the settlement of the partnership matters between the plaintiff and H. S. Lipscomb.

There can be no question that the matter set up in the answer, "by way of counter-claim," was properly stricken out as such. There was no amount specified, nor was there any definiteness about it in any way. Indeed, the fact of any indebtedness at all depended upon the result of a settlement of partnership matters then in litigation in another pending action, and there was no error in striking it out. See *Latimer* v. *Sullivan*, 30 S. C., 111.

We think, however, there was error in excluding the testimony referred to, as to the delivery of the note. True, the defendant in general terms admitted the statements made in the first, second, and third paragraphs of the complaint, in the first of which it was alleged that the note in question had been executed and delivered to the plaintiffs; but in this admission there was a saving clause,

to wit, "save so far as it is inconsistent with the allegations of the answer." Now, whether this saving clause was intended to apply to the third paragraph only, as to payments on the note, or whether intended to apply to all three paragraphs mentioned, including the first, when strictly and grammatically construed, might be somewhat doubtful; but when we see this qualified admission followed immediately by an allegation of a conditional delivery, or at least by an allegation that the note was to go into possession of a third person, to await the settlement of the partnership matter, we must conclude that there was no intent on the part of the defendant to admit an unqualified and an unconditional delivery to the plaintiff, such as to prevent him on that account from introducing testimony to the contrary.

Nor do we think that the testimony should have been excluded under the rule above referred to, because the purpose here does not seem to us to have been to alter or to change a written instrument (the note), as to its terms or character, which that wholesome rule properly forbids, but it was simply intended to show when and under what circumstances it was to take effect. The testimony did not propose to add anything to the note or to strike anything out. It did not propose to deny a consideration or to change it. On the contrary, the whole question was one simply of delivery, which was outside of the note. But this rule has been fully and elaborately discussed several times recently in our own reports; we therefore do not deem it necessary to go again into this discussion. It is sufficient here, we think, to cite the cases referred to above as authority for the judgment which we propose to render below. See cases of *Kaphan* v. *Ryan*, 16 S. C., 360; *Moffatt* v. *Hardin*, 22 *Id.*, 22; and *Bulwinkle & Co.* v. *Cramer & Blohme*, 27 *Id.*, 380, and the cases and authorities therein cited.

It is the judgment of this court, that the judgment of the Circuit Court be reversed on the grounds hereinabove, and that the case be remanded.